SEYFARTH SHAW LLP
Heliane Fabian (SBN 361563)
hfabian@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-3021

*Counsel for Defendant*
*Equifax Information Services LLC*

MUSICK PEELER & GARRETT LLP
Donald E. Bradley (SBN 145037)
d.bradley@musickpeeler.com
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626
Telephone: (714) 668-2400

*Counsel for Defendant*
*Trans Union, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT S. TAYLOR,<br><br>             Plaintiff,<br><br>      v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, INNOVIS DATA SOLUTIONS, INC., and FACTORTRUST, INC.,<br><br>             Defendants. | Case No. 2:26-cv-00192-TLN-JDP<br><br>**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC AND TRANS UNION LLC'S REPLY IN SUPPORT OF JOINT MOTION TO DISMISS**<br><br>**DATE: June 11, 2026**<br>**TIME: 10:00 a.m.**<br>**LOCATION: Zoom** |

Defendants Equifax Information Services LLC ("Equifax") and Trans Union LLC ("Trans Union") (collectively, the "CRA[1] Defendants") hereby submit this Reply in Support of their Joint Motion to Dismiss ("Joint Motion") Plaintiff's First Amended Complaint ("FAC") and would respectfully show the Court as follows:

---

[1] CRA means consumer reporting agencies.

326349126v.1

On March 26, 2026, the CRA Defendants filed their Joint Motion based on Plaintiff's failure to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Dkt. No. 7. Plaintiff failed to timely respond to the Joint Motion, and the Court ordered Plaintiff to "file an opposition or statement of non-opposition" to the Joint Motion by May 28, 2026, and to "show cause . . . why sanctions should not be imposed." Dkt. No. 18 at 2. On May 18, 2026, Plaintiff filed his "Omnibus Response to Order to Show Cause (Doc. 18) and Opposition to Joint Motion to Dismiss (Doc. 7)" (hereinafter, "Response"). Dkt. No. 19. Plaintiff's Response does not address the CRA Defendants' arguments and cannot cure the FAC's fundamental defects. Dismissal with prejudice remains warranted here because (1) Plaintiff's excuse for his untimely Response fails as a matter of law; and (2) even if considered, his claims cannot withstand dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A.  The Court Should Disregard Plaintiff's Untimely Response.**

Under the Local Rules, Plaintiff's deadline to respond to the Joint Motion was April 9, 2026. Dkt. No. 18 (citing E.D. Cal. L.R. 230(c)). Plaintiff missed that deadline. The Court then ordered Plaintiff to show cause why sanctions, including dismissal, should not issue for his failure to timely respond. *Id*. at 2. In response, Plaintiff improperly relied on his pro se status and unspecified "business obligations." Dkt. No. 19 at 2. Neither excuse is sufficient. Pro se litigants must comply with procedural rules and court orders. *Ardds v. Martin*, No. 220CV0133TLNKJNP, 2024 WL 232182, at *2 (E.D. Cal. Jan. 22, 2024) (noting that "pro se litigants are required to comply with . . . court orders and 'are bound by the rules of procedure'") (citations omitted). And the Local Rules confirm this requirement. *See* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

Accordingly, the CRA Defendants respectfully request that the Court disregard Plaintiff's untimely Response. In any event, even if the Court furthers its analysis, dismissal remains appropriate here as set forth below.

**B.  The FAC Fails to Plead the Necessary Elements of Plaintiff's FCRA Claims.**

Plaintiff alleges claims under §§ 1681e(b), 1681i, and 1681g of the FCRA. Dkt. No. 4. But the problem with the FAC as pointed out in the Joint Motion is that Plaintiff has failed to sufficiently allege facts to support his claims.

2

(1) Plaintiff's §§ 1681e(b) 1681i claims fail.

"To sustain either a § 1681e or a § 1681i claim, a consumer must first 'make a prima facie showing of inaccurate reporting' by the CRA." *Ghuyumjyan v. Bank of Am., N.A.*, No. 2:24-CV-10749-MEMF-BFM, 2025 WL 1754625, at *2 (C.D. Cal. June 24, 2025) (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Here, nowhere does Plaintiff identify in the FAC the alleged inaccurate information as required to state a claim. In fact, he offers only conclusory allegations that the CRA Defendants' reporting "contained inaccurate, incomplete, and misleading information" and that they failed to "delete or correct all inaccurate or complete information." Dkt. No. 4 ¶¶ 58, 67. Although Plaintiff alleged "misreported tradeline statuses, outdated derogatory information, and adverse notations," he does ***not*** (1) identify the specific accounts and/or information on the credit report that are allegedly inaccurate; (2) describe how the alleged accounts and/or information are inaccurate or how such alleged accounts and/or information should be reporting; (3) allege how the CRA Defendants' procedures and reinvestigations violate the FCRA; and (4) establish a causal link between Plaintiff's alleged damages and the CRA Defendants' alleged misconduct.

Such failure is dispositive. *Greene v. Equifax Info. Servs. LLC*, No. 221CV466JCMDJA, 2023 WL 5209301, at *2 (D. Nev. Aug. 10, 2023) ("It follows that if the information reported is accurate and not misleading, it constitutes a ***complete defense***.") (emphasis added) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). Indeed, this Court need not "consider[] the reasonableness of [the CRA Defendants'] procedures" without Plaintiff's "'prima facie showing' of inaccuracy." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) (citing *Shaw*, 891 F.3d at 756 (then quoting *Carvalho*)). Plaintiff's conclusory allegations are simply not enough to survive dismissal under Rule 12(b)(6). *See generally Williams v. California Dep't of Child Support*, No. 1:25-CV-00981-JLT-EPG, 2025 WL 3217106, at *2 (E.D. Cal. Nov. 18, 2025) (dismissing a pro se case where the "complaint fails to comply with Rule 8(a)"). Without an adequately pleaded inaccuracy, Plaintiff's claims fail as a matter of law.

(2) Plaintiff's § 1681g claim similarly fails.

Section 1681g(a) requires every CRA to "clearly and accurately disclose" to the consumer "[a]ll information in the consumer's file at the time of the request," with certain exceptions that are not

DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS

326349126v.1

applicable here. 15 U.S.C. § 1681g(a). The FCRA broadly defines the term "file" as "all of the information on that consumer recorded and retained by a [CRA] regardless of how the information is stored." *Id*. § 1681a(g). The Ninth Circuit, however, has made clear that the term is not unlimited, explaining that "[a] consumer's file includes all information on the consumer that is recorded and retained by a [CRA] ***that might be furnished, or has been furnished, in a consumer report on that consumer***." *Shaw*, 891 F.3d at 759 (quotations and citations omitted) (emphasis added); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092,1101–02 (9th Cir. 2022) (noting "the word 'file' cannot be given the expansive definition suggested at first glance by the phrase 'might be furnished'") (citing *Shaw*, 891 F.3d at 759). In other words, a "file" for purposes of § 1681g(a)(1) means information included in a "consumer report" to a third party. *Shaw*, 891 F.3d at 759 (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)); *see also Tailford*, 26 F.4th at 1101–02 (citing *Shaw* and *Gillespie*). Furthermore, the FCRA defines "consumer report" as a communication of information by a CRA "***bearing on a consumer's credit worthiness***" or related to eligibility determinations. 15 U.S.C. § 1681a(d)(1)(A)) (emphasis added). Thus, information that does not bear on creditworthiness—and thus could ***not*** appear in a consumer report—is ***not*** part of the  "file" and is not required to be disclosed. *Shaw*, 891 F.3d at 759. And as such, contrary to Plaintiff's position, § 1681g does not require the CRA Defendants to provide "[i]nternal account identifiers and codes," "[a]rchived consumer information," "historical dispute records and outcomes," and any other "[d]ata underlying Defendants' scoring and ranking." Dkt. No. 19 at 8. Plaintiff's § 1681g claim should, therefore, be dismissed.

(3)  Plaintiff's purported amendments in his Response still fail.

To the extent Plaintiff seeks to amend the FAC through his Response by adding new allegations and submitting over 200 pages of unexplained "exhibits," that effort is without any merit. *See* Dkt. No. 19 at 6 (vaguely alleging inaccuracies as to his Fingerhut/WebBank, Capital One, and American Express accounts, along with unidentified "multiple tradelines" and inquiries); *id*. at 14–257 (attaching hundreds of exhibits without any explanation). A plaintiff cannot amend a complaint through an opposition brief—and the Court need not sift through hundreds of pages to cure the FAC's deficiencies. *See Confluent, Inc. v. Slower, LLC*, No. 24-CV-04447-SVK, 2026 WL 673582, at *12 (N.D. Cal. Mar. 10, 2026) (noting "[i]t is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to

326349126v.1

dismiss'") (citation omitted); *see also Young v. California Corr. Health Care Servs.*, No. EDCV142598RGKJC, 2015 WL 13916123, at *3 (C.D. Cal. Apr. 9, 2015) ("It is not the Court's responsibility to sift through such documents . . . in an attempt to glean whether plaintiff has an adequate basis upon which to state any claim for relief in the instant case.") (citing *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges are not like pigs, hunting for truffles buried in briefs") (citation omitted)).

And again, even if the Court considers Plaintiff's new allegations, they fail as a matter of law. The FCRA does not impose strict liability. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Carvalho*, 629 F.3d at 889. In the Ninth Circuit—and in other circuits for that matter— a credit report is inaccurate only if it is "patently incorrect, or . . . misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d 876, 890. So, to the extent that Plaintiff is complaining that his charged off accounts "did not accurately reflect [his] actual payment behavior" and included adverse account notations "that created a false impression of active financial distress," such alleged inaccuracies do not meet the Ninth Circuit's standard and thus are not actionable under the FCRA. Dkt. No. 19 at 6. The CRA Defendants are not required to justify or explain a consumer's "financial distress" in credit reporting. Tellingly, Plaintiff does not dispute that his accounts were indeed charged off.

**C. Any Amendment Would Be Futile.**

Although courts "should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), a "district court does not err in denying leave to amend where the amendment would be futile." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Id*. (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Such is the case here—Plaintiff has failed to allege a plausible claim despite his FAC. Dkt. No. 4.

Based on the foregoing, the CRA Defendants respectfully requests that the Court grant their Joint Motion, dismiss the FAC in its entirety with prejudice, and grant all other relief as the Court deems appropriate.

DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS

326349126v.1

DATED: June 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ Heliane Fabian
　　　Heliane Fabian
　　　*Counsel for Defendant*
　　　*Equifax Information Services LLC*


MUSICK PEELER & GARRETT LLP


By:  /s/ Donald Bradley
　　　Donald E. Bradley
　　　*Counsel for Defendant*
　　　*Trans Union LLC*

6

DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS

326349126v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I presented the foregoing DEFENDANTS EQUIFAX INFORMATION SERVICES LLC'S AND TRANSUNION, LLC'S REPLY IN SUPPORT OF JOINT MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

Robert S. Taylor, *plaintiff pro se*
8112 Concerto Way
Roseville, California 95747


    /s/ Heliane Fabian
Heliane Fabian
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

326349126v.1