UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TAYLOR,<br>Plaintiff,<br>v.<br>EQUIFAX INFORMATION SERVICES LLC., *et al.*,<br>Defendants. | Case No. 2:26-cv-0192-TLN-JDP (PS)<br><br>ORDER |

Plaintiff Robert Taylor, proceeding pro se, brings this action under the Fair Credit and Reporting Act against five consumer reporting agencies: defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Transunion LLC, Innovis Data Solutions, Inc., and Factortrust, Inc. Equifax and Transunion move to dismiss the first amended complaint, and Experian has joined in their motion.[1] For the reasons stated below, the first amended complaint is dismissed with leave to amend.

**Background**

In October 2025, plaintiff sent "written disputes and full consumer file disclosure requests" to defendants. ECF No. 4 ¶ 9. Plaintiff alleges that defendants "failed to provide

[1] Innovis Data Solutions and Factortrust have not been served.

complete consumer file disclosures containing all information in Plaintiff's files, instead sending incomplete or partial responses that omitted categories such as archived data, internal codes, and complete inquiry histories." *Id.* ¶ 13. Further, after plaintiff communicated a dispute, his credit report "continued to display one or more disputed derogatory tradelines and adverse notations in substantially the same form." *Id.* ¶ 14. As a result of defendants' alleged wrongdoing, plaintiff pleads that he has experienced "reduced credit limits, preset spending limit changes, and account restrictions." *Id.* ¶ 16.

**Procedural History**

Plaintiff initiated this action on January 22, 2026. ECF No. 1. Four days later, plaintiff amended as a matter of course, filing the first amended complaint ("FAC"). *See* ECF No. 4; Fed. R. Civ. P. 15(a)(1)(A). On March 26, 2026, Equifax and Transunion filed a motion to dismiss the FAC, and Experian later joined in that motion. ECF Nos. 7 & 15. Plaintiff was required to file an opposition or statement of non-opposition within fourteen days of defendants' motion. *See* E.D. Cal. L.R. 230(c). Plaintiff did not comply with that requirement. On May 5, 2026, the court ordered plaintiff to show cause by May 28, 2026, as to why sanctions should not be imposed for his failure to timely respond to defendants' motion. ECF No. 18 at 2. On May 18, 2026, plaintiff filed a combined (1) response to the order to show cause and (2) opposition to defendants' motion to dismiss the FAC. ECF No. 19.

In his response, plaintiff concedes that he "was aware of the pending motion" and of the need to file "a substantive response within the fourteen-day window." *See id.* at 2. Nonetheless, plaintiff states that he was "compelled by pressing business obligations to travel extensively"—obligations that nobody else could attend to in his absence. *Id.* Further, plaintiff states that "no one else was available to assist with legal research and drafting while he travelled." *Id.* In sum, plaintiff states that his failure to comply with the Local Rules was "the unavoidable consequence of competing urgent obligations by a pro se litigant with no support structure." *Id.*

The court disagrees. While plaintiff understandably faces challenges representing himself, it was his choice to initiate this action. That plaintiff is pro se does not excuse non-compliance. On the contrary, pro se parties must comply with the Local Rules. *See* E.D. Cal.

L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). Further, plaintiff's stated business interests are not adequate justification for disregarding the court's rules. Nonetheless, the court finds that defendants have suffered no prejudice by plaintiff's delayed finding, and thus the court will consider plaintiff's opposition. However, plaintiff is cautioned that any future failure to comply with the Local Rules, Federal Rules of Civil Procedure, or a court order may result in the imposition of sanctions, including dismissal of this action.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Discussion**

Plaintiff brings three causes of action: (1) failure to follow reasonable procedures in violation of 15 U.S.C. § 1681e(b); (2) failure to disclose a consumer file in violation of § 1681g(a); and (3) failure to conduct a reasonable investigation in violation of § 1681i. ECF No. 4 ¶¶ 57-68. Defendants move to dismiss all claims. ECF No. 7.

Regarding plaintiff's first and third causes of action, the Court of Appeals has held that "to sustain either a § 1681e or a § 1681i claim, a consumer must first 'make a prima facie showing of inaccurate reporting' by the [consumer reporting agency]." *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). "This order of proof makes sense: if there is no inaccuracy, then the reasonableness of the investigation is not in play." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022). The Court of Appeals has held that "information is inaccurate for purposes of 15 U.S.C. § 1681s-2(b) where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Plaintiff fails to show that any defendant produced a report that contained inaccurate information. Plaintiff alleges that an unspecified credit report displayed "one or more disputed

derogatory tradelines and adverse notations," but he does not plead any additional details regarding that alleged dispute. *See* ECF No. 4 ¶ 14. Plaintiff also alleges that defendants "furnish inaccurate or incomplete information," but he does not specify those alleged inaccuracies. *See id.* ¶ 15. Elsewhere, plaintiff alludes to "outdated derogatory information" but does not explain this term. *See id.* ¶ 58. Plaintiff's first and third claims must be dismissed on this basis alone.[2]

Further, to establish these claims, plaintiff must also show that defendants' actions were unreasonable. *See Haykuhi Avetisyan v. Experian Info. Sols., Inc.*, No. 14-cv-5276-AB-AS, 2016 WL 7638189, at *7 (C.D. Cal. June 3, 2016) (holding that, to state a § 1681e(b) claim, a plaintiff must show that "the inaccuracy was due to [the] defendant's failure to follow reasonable procedures to assure maximum possible accuracy"); *Butler v. Equifax Info. Servs., LLC*, No. 18-cv-2084-JGB-SHK, 2019 WL 2498939, at *2 (C.D. Cal. Apr. 3, 2019) (holding that, to state a § 1681i claim, a plaintiff must show that the defendant "failed to respond or conduct a reasonable investigation of the disputed item"). Plaintiff only conclusory alleges so. *See* ECF No. 4 ¶ 59 (alleging that defendants "failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff"); *id.* ¶ 67 (alleging that defendants "failed to conduct reasonable reinvestigations"). As defendants point out, plaintiff makes no reference to a particular defendant's procedures or investigation, much less how they were unreasonable. *See* ECF No. 7 at 11. Plaintiff's first and third claims must also be dismissed on this basis.

As for plaintiff's second claim alleging violations of § 1681g(a), plaintiff's allegations are similarly conclusory. Under this section, a consumer reporting agency must generally disclose to a consumer, *inter alia*, "[a]ll information in the consumer's file at the time of the request" and "[a] record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer." 15 U.S.C. § 1681g(a).

[2] Plaintiff argues that he alleges particular inaccuracies in paragraphs 11(i), 12(a), 12(b), 12(c), and 12(d) of the FAC. *See* ECF No. 19 at 6. There are no such subparagraphs in the FAC. Moreover, paragraphs 11 and 12 do not mention any particular inaccuracies; paragraph 11 contains a conclusory allegation about "inaccurate, incomplete, and outdated information," and paragraph 12 alleges that plaintiff's requests to defendants "were his first such requests" in a year. ECF No. 4 ¶¶ 11-12.

Plaintiff alleges that defendants failed to comply with this requirement "by omitting categories of information such as archived data, internal designations, and complete inquiry histories." ECF No. 4 ¶ 63. These allegations are vague and conclusory. Plaintiff does not elsewhere explain these categories of information. Archived data and internal designations are not referenced in the statute. As noted, with respect to inquiry history, the statute requires the agency to disclose inquiries received during the one-year period preceding the request. *See* 15 U.S.C. § 1681g(a)(5). Plaintiff does not specify whether defendants provided that inquiry history or if he now desires history beyond the mandated one-year period.

Moreover, plaintiff alleges neither that such information was in his consumer file at the time of the request, nor that defendants were required to disclose it. *See* 15 U.S.C. § 1681g(a)(1) (providing that a consumer reporting agency must disclose "[a]ll information in the consumer's file at the time of the request"). The Court of Appeals has held that "a consumer's file includes all information on the consumer that is recorded and retained by a [consumer reporting agency] that might be furnished, or has been furnished, in a consumer report on that consumer." *Shaw*, 891 F.3d at 759 (cleaned up). In *Tailford*, the plaintiffs alleged that a consumer reporting agency violated § 1681g by not disclosing "behavioral data from its ConsumerView database, inquiries from third parties and affiliates, the identity of certain parties who procured consumer reports, and the date on which employment data was reported." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1097 (9th Cir. 2022). The Court of Appeals held that consumer reporting agencies are not required to disclose such information, finding that "[i]nformation that 'might be furnished' in the sense of *Shaw* is . . . reasonably interpreted to mean information similar to that shown to have been included by the [consumer reporting agency] in a consumer report in the past or planned to be included in the future." *Id.* at 1102 (quoting *Shaw*, 891 F.3d at 759). Plaintiff does not plausibly allege that "archived data, internal designations, and complete inquiry histories" meet this requirement. *See* ECF No. 4 ¶ 63. As such, plaintiff's second claim must be dismissed.

Lastly, defendants argue that plaintiff lacks Article III standing. ECF No. 7 at 20. To establish standing, a plaintiff must show (1) an injury-in-fact that is both (2) causally connected to

the defendant's challenged conduct and (3) likely to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted). The injury-in-fact must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal citations and quotation marks omitted). Defendants contend that "Plaintiff has not alleged any 'concrete and particularized' injury of the type required by Article III." ECF No. 7 at 22. However, defendants acknowledge that plaintiff alleges that his credit limit on an American Express card has been decreased from $41,500 to $3,100. *See id*. (citing ECF No. 4 ¶ 17). While defendants assert that plaintiff "provides no additional facts as to the dates and fails to attach supporting documentation as exhibits," defendants fail to explain why plaintiff must satisfy such requirements at this stage of litigation. Where, as here, a defendant asserts a facial challenge to standing, a defendant necessarily "accepts the truth of the . . . allegations [supporting federal jurisdiction] but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *See Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Accepting plaintiff's allegations as true, he has alleged an injury-in-fact.

The first amended complaint is dismissed as to all defendants. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). While defendants request that dismissal be with prejudice, the court finds leave to amend appropriate because plaintiff has not previously been put on notice of any pleading deficiency. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "Second Amended Complaint" and be filed within fourteen days of this order's entry. Plaintiff may not change the nature of this suit by alleging new, unrelated claims.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 4, is DISMISSED with leave to amend.

2. Plaintiff may file an amended complaint within fourteen days. Failure to do so will result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: September 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE