UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TAYLOR,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC, *et al.*,

Defendants.

Case No. 2:26-cv-0192-TLN-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff initiated this action on January 22, 2026, against Equifax Information Services LLC, Experian Information Service, Inc., Factortrust, Inc., Innovis Data Solutions, Inc., and Transunion LLC. ECF No. 1. Plaintiff filed a first amended complaint on January 26, 2026. ECF No. 4. Equifax Information Services LLC filed a motion to dismiss, ECF No. 7, and the court dismissed the complaint on September 4, 2026, ECF No. 28. The court granted plaintiff leave to amend and ordered that should he wish to file an amended complaint; he must do so within fourteen days. *Id.* The court further warned plaintiff that failure to file an amended complaint would result in a recommendation that this action be dismissed. *Id.* at 8. On September 28, 2026, after plaintiff filed to file a response, the court issued an order to show cause and ordered plaintiff to show cause within fourteen days why this case should not be dismissed

for failure to prosecute, failure to comply with court orders, and failure to state a claim. *Id.* at 2. To date, plaintiff has not responded.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, the court found that the complaint failed to state a claim and permitted plaintiff the opportunity to file an amended complaint. Plaintiff did not respond to two orders granting him the opportunity to file an amended complaint. *See* ECF Nos. 28 & 30. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-

33; *Henderson*, 779 F.2d at 1424. The September 28, 2026 order expressly warned plaintiff that failure to comply with court orders would result in dismissal. ECF No. 30. Plaintiff had adequate warning that dismissal could result from noncompliance. I therefore find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute, failure to comply with court orders, and failure to state a claim for the reasons set forth in the court's September 4, 2026 order. *See* ECF No. 28.

2. The Clerk of Court be directed to term ECF No. 7.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 6, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE